at All v. General Electric International, Inc. Mr. Trichirico. Hello. My name is Michael Trichirico, and I represent the appellant in this matter, Certain Reinsurers and Retrocessionaires. So this case involves the failure of a turbine blade at a power plant in Algeria that was owned by a company called SKH. I might just, it's not really my prerogative, I'm not presiding, but I'll just tell you that I think we sort of know the underlying facts and procedural ramp up. If I were you, I would just go straight to the core of your argument. Fair enough. I was just trying to give some background. In any event, we're subrogated to the rights of SKH in this suit. So we commenced the suit in state court, was removed to federal court, and the trial court compelled us to arbitrate, or at least have a gatekeeping function performed by an arbitrator, based upon a contract that we're not a party to, you know, that the court determined we were a third-party beneficiary to. So can we talk maybe just about the third-party beneficiary piece of this? And I'll tell you, just sort of like put all my cards on the table, my sort of suspicion about your position, that you're not a third-party beneficiary of the services contract. So the services contract, I didn't count this, I'll give my law clerk credit, he counted them, but it mentions your client 13 times. There's a recital that basically says the point of this contract is to implement, I'm paraphrasing, the O&M, to which you are a party. There's an indemnification provision, or a provision regarding indemnification that says that the indemnification provision shall not grant any waiver of dot, dot, dot, SKH, or its insurance company's right of subrogation vis-a-vis the service provider, that is GE. And then there are provisions about preserving intellectual property rights. Given that constellation of evidence and references to your client in the services contract, it's hard for me to imagine that under any test, I recognize there's this lore about what the test ought to be, but under any test, how you're not an intended third-party beneficiary. Well, first of all, I think that the overriding fact is that we're not suing based upon any of the contracts. We have a claim independent of those contracts. GE manufactured and designed these turbine blades, one of them which failed. They put that in the stream of commerce. It ends up in our factory. It fails. We have a cause of action against them regardless of the contract. So we're not relying upon the contract in bringing those claims. But didn't that, I mean, maybe I'm confused, but I thought they put the turbine in the power plant because this contract told them to do that, and that was why the turbine's in there. Well, the turbine was installed pursuant to a contract. Yes, but what we're saying is— So it's not like GE sold the turbine to, like, a Chinese company, and then you, like, went to China and then bought the turbine from the Chinese company, and that's not what happened here? No, no. But I think the point is that the contract is not necessary for purposes of us bringing our causes of action, and we don't rely upon the contract. And what we're saying is, first of all, to forfeit your right to go to court and have a trial by jury, you know, you can do that, and the FAA recognizes that parties may agree to arbitrate disputes as opposed to bring them before a court. But here, you know, you're one step removed. You have a party that is not a signatory or party to an agreement with an arbitration clause, and we're being forced to go arbitrate even though we didn't agree. That's a much narrower scope. Under those circumstances, courts grant arbitration under very rare circumstances. I just want to make sure. Are we mixing issues? I guess I took there to be, like, a sequencing of issues here. One is, I get it, there's no contract between you and GE that has an arbitration provision, so somehow they've got to put you on the hook to a contract to which you're not a party. They have chosen two different routes. Third-party beneficiary is what we're currently talking about. So now that's step one. Like, you're in. Like, you're in. You're subject to this contract, so they say. I recognize that you dispute it. And then it's like, okay, what does that arbitration clause say? And there is where I thought you would say, whoa, whoa, our claims aren't contract claims. They're tort claims. They're Algerian law claims. I thought those arguments would run to that issue. Yeah, that's correct. And I think that one of the things that the trial court noted is somehow those arguments got kind of conflated below the lower court. But, yeah, I mean, that's an important point. There are four factors, and you've talked about, you know, the third and fourth factors, and those are described in the case law. One, the third factor is that the party is bound to a clause, and the fourth factor is that the claim asserted comes within the clause's scope. And here, you know, this is not an arbitration clause that says all disputes between the parties are subject to arbitration. Rather, it says that it has to be a dispute arising from the agreement or concerning it. And I think the or concerning it part is how the court ended up referring us to an arbitrator to determine the gatekeeping issue. So hold on. Whoa, whoa, whoa. Why isn't that fatal? Because have you challenged the district court's determination that the arbitrator should make this gatekeeping determination in the first instance? No, I think the important fact is, and the case law provides, that the party seeking to enforce the arbitration provision is required to establish that the claim comes within the clause's scope. So here we are, we're a stranger to an agreement, and we're being forced to have, it's kind of putting the cart before the horse. We're going to an arbitration panel that's going to decide something that's binding upon us before determination is even made as to whether or not the claim asserted comes within. But I guess I thought that happens. I guess I thought arbitrability questions were not infrequently delegated by contract and sent by courts to the arbitrator. That may seem weird or unfair, but it happens. And here it seems like the district court did, in fact, send that question to the arbitrator. And so I'm not sure that you challenged that. I think, well, we are challenging in the sense that I think that the district court, first of all, as we said, the party seeking to compel arbitration has the burden of proving that the claim asserted comes within the clause's scope. They haven't done that. I guess what I'm trying to get you to sort of follow, and I may be chasing this thing down a rabbit hole, and you can tell me if I'm just dead wrong about this. But, again, it seems like here we need to bifurcate two issues. One is, who's going to decide the scope question? Second, what is the scope? And it seems like the district court said, I'm not doing the scope question. The arbitrator is going to do the scope question. And you didn't challenge that referral, we'll call it, to the arbitrator. And now you want to argue about scope, and it sounds like by virtue of the district court's determination that you haven't challenged, you need to have that argument before the arbitrator. I think we have challenged it in that we say that it was improper for the court to refer us to arbitration and have an arbitrator make a binding decision upon us when we're a party that's not a party to the agreement with the arbitration provision. And clearly the claim does not fall within the scope of the agreement. Let me jump in, see if I can help you a tiny bit, and answer one of Judge Newsom's questions. Arbitrability, as Judge Newsom said, that question can be and often is sent to the arbitrator to decide, right? That's true. Agree with that general proposition? Yes. But your argument and the way you've challenged arbitrability is not at the end of the game is this claim arbitrable, but because they're trying to hook you, to use Judge Newsom's syllogism, they're trying to hook you to the services contract and its arbitration provisions, they have an initial burden to show four things, one of which is not only that you're a third-party beneficiary, as you say, with legal rights or enforceable rights under the contract, but that the claim being asserted is within the scope of the arbitration provision. Yes. So for you, this is the way I understood your brief, you've got an arbitrability issue at step one for third-party doctrine just to get you hooked, quote-unquote, and then if they hook you, the ultimate question of arbitrability can go to an arbitrator. I think Judge Newsom is right. You haven't challenged the ultimate arbitrability determination sent to the arbitrator by the district court, but you have expressly challenged arbitrability within the scope, within the first four factors of the third-party beneficiary theory. Did I get it right? Yeah, I think that's correct. I think that they have to – I don't know if that works, but I think that's the way I understand your argument, that they have to show third-party beneficiary status, and one of those factors under our law is that the claim comes within the scope of the arbitration provision that they're relying on. And so you've got to do maybe a peekaboo arbitrability determination at step one for third-party, and then once they hook you under the third-party doctrine, if they do, then you can send ultimate arbitrability to the arbitrator. Yeah, I think – right. I think the court needed to do more than it did. It couldn't just punt that question to the arbitrator, because it's GE's burden here to establish that the claims asserted come within the clause's scope. That's a requirement under the four-prong test, and they don't meet that requirement because, again, we're not basing any claims on the contract itself. You know, we've cited a number of cases in our brief which they attempt to discount because they're decided under state common law, which basically say, look, if you're going to impose an arbitration clause against the party under this third-party beneficiary theory, well, then it's got to be – the claim has to be related to something in the agreement. That's completely consistent with the four-factor test. And what we're saying here is that, like I said before, the trial court needs to do something more. It can't just say, oh, well, there's some benefit to you, and therefore, you know, go into this circle of arbitration where, you know, you don't – you are going to incur costs even though you commenced the lawsuit. Instead of seeking arbitration, you're going to have a final determination by an arbitrator that you're not going to be able to appeal. You know, the court is compromising our rights by sending us to arbitration, and I think it needs to do more than what it did in its opinion. All right. Thank you very much. Thank you. Mr. Stoltz. Thank you, Your Honor. Eric Stoltz on behalf of Paul Hastings. I'm here for the appellees, the GE defendants. May it please the Court. Your Honor, you heard from the appellants today that they believe they're a stranger to the contract. The one fact I think it's important to recognize is that SKH is not an isolated, independent third party. SKH, who is the owner of the power plant, is, in fact, an entity that is partially owned by SNC. When we look at the relationship between these parties, there is no doubt that the appellants and their suborgies are third-party beneficiaries of that contract. Your Honor mentioned the 13 times that they are mentioned within the services agreement. There are other contracts as well that applied to the selection of this powertrain set, that applied to installing it, that applied to bringing it online, and that applied to ensuring that it continued to run for 13 years after the fact. This is not a simple case where a product was purchased and put into the stream of commerce. There is an ongoing relationship between GE and SNC in order to keep this power plant running, in order to continue to provide it. The reinsurers say, in part, that in order for you to hook them under the third-party beneficiary doctrine, you have to show, among other things, that the claims they've asserted are within the scope of the arbitration provision. So you've got to do some arbitrability stuff at the front end. Do you agree or disagree that has to be done? Thank you, Your Honor. In this case, the arbitration provision that existed within the services contract that GE and SNC, the operator of the power plant, were a party to, is one that is extremely broad and would, in fact, cover this relationship and the services that were performed. But I guess just to answer Judge Jordan's question, and this may be a correction of me, but do you agree that that peekaboo, arbitrability determination, needs to be done at the third-party beneficiary stage as opposed to as a subsequent step in the way that I was describing it? Your Honor, I believe the district court got it right to answer both of your questions. The district court correctly looked at this arbitration agreement and said it covers this engagement, it covers the services contract. I think what the appellants want to do is to say we have to be suing on one of the rights that we were given as a third-party beneficiary, and that simply is not the standard of the federal common law. If you look at MS Dealer Services versus Franklin, that caveat, that condition doesn't exist in our law. Third-party beneficiary is determined at the time a contract is entered, and when this contract was entered in 2006, every party to that agreement and everyone involved in this power plan knew and intended that SKH, as the owner of the plant, which is where all these services were going to be performed over the entire duration of over a decade, was going to benefit and reap the rewards of those contracts. Right, so you disagree with how that arbitrability peekaboo, the unfortunate phrase I use, how that has to be done, but you agree that it has to be done. I agree that in this case that the district court correctly put that question onto the ICC rules that say... No, no, no, no, no, no. At the end of the day, yes, but you agree that part of what you have to show to establish third-party beneficiary status is to show, to make some showing of scope with regard to arbitrability, right? Yes, I agree that we have to show that there are a third-party beneficiary of this contract and that they reap the rewards and benefits of that contract. No, no, no, they say a little bit more. They say that you've got to show some tighter connection between what they're asserting and the arbitration provisions and their scope. And our view is that that is not what the federal common law of the circuit requires. What do you have to show to prove third-party beneficiary status? Are you talking generally or respect to this... Oh, here, everybody agrees federal common law applies here, right? Yes, sir. Both sides do. Okay, so under federal common law, what do you... You have the burden to show third-party beneficiary status because they're a technical stranger to the services agreement, right? Technically to that particular agreement, not overall to the entire relationship. I know. You've got an underlying sort of theory. These people are all mixed in. They're a partial owner. Of course, they got bent, but they're a stranger legally to the contract, right? To this specific services contract. Don't worry, we're not waiving anything. He's just... Understood. They're a stranger to the contract, so you've got to prove third-party beneficiary status to hook them to arbitration. My question is, what do you have to show to establish that they are a third-party beneficiary of the services contract? What are the one or two or three or four things you have to show? Yes, Your Honor, so I would point to MS Dealer Services v. Franklin, and that's 177 Fed 3rd 942. That states, the non-signatory doctrine of third-party beneficiary arises when the parties to a contract together agree, upon formation of their agreement, to confer certain benefits thereunder upon a third party, affording that third party rights of action against them under the contract. That is the standard for third-party beneficiary under the federal common law of this circuit. We have met that by what Judge Newsom mentioned in terms of all the benefits they knew they were to receive and did receive throughout the course of performance of that services contract. So can I ask you just a quick question about, and this is about the warring standards. I'm not sure it matters in the end, but you guys are using MS Dealer, what I call MS Dealer, the one you just quoted. They're using this first circuit case called EnerGen as kind of their bellwether. Does MS Dealer, is that really a federal common law case? It seems like it's really sort of crunching Alabama common law. So we would call that federal common law because I think, to Your Honor's point, it is the one case that is most often cited by this circuit for what the third-party beneficiary law is in the context of these. So let me ask this question, and this just, again, perhaps my continuing confusion about what you have to show. And maybe I shouldn't have interrupted your colleague, Judge Jordan, because maybe you would have gotten there. So under your test, their test, whatever the federal common law test is, where in that analysis do you have to show not only what I would call sort of like ordinary third-party beneficiary stuff, you know, sort of the parties at the time of formation had someone else in mind, intended to confer benefits, whatever. Speaking for myself, I think that is met here under any test. But when you're dealing with arbitration, is there some further showing that you have to show that, oh, if it's third-party beneficiary status with respect to an arbitration clause, now there's something more that we've got to show. We've got to show that their claims are plausibly within the scope of the clause. Right. Your Honor, to be clear, our position is if a party qualifies as a third-party beneficiary, full stop, then they can be subject to an arbitration clause, period.  There does not need to be a claim that they are asserting that ties back to a specific right underneath the contract. So in other words, they do not need to say, we are suing on the basis of Section 5.5 of the services contract, and therefore I'm subject at that point to it being a third-party beneficiary and then tied into arbitration. Because, going back to the concept of third-party beneficiary, that exists and is determined at the time that a contract is made. Not when there's a breach, not when there's a lawsuit, not when someone decides to go forward and compel arbitration. Either you are or you are not a third-party beneficiary. Your Honor, I also want to mention as well that SKH did agree to arbitrate. I know we've been talking a lot about the District Court's decision as it relates to third-party beneficiary, but GE also mentioned two additional alternative grounds, and I don't want to leave here without discussing them in some way. Because under this Court's de novo review, it does have an opportunity to affirm the Court for a different reason. And this outcome is nonetheless correct, although the District Court did not need to reach equitable estoppel, that frankly also applies here, and can be an independent reason to affirm the District Court. And there's also, in addition to that, the operation and maintenance contract. We talk about the operation and maintenance contract because it is one where SKH, who are the only shoes that the appellants are standing in, did agree to arbitrate this dispute. They agreed to arbitrate any disputes that arose out of their operation and maintenance contract with SNC. I don't understand how those contracts link. Can you help me with that? Yes, Your Honor. So SKH, as the owner of the power plant, entered a contract with SNC to operate and maintain their power plant. That provided for arbitration, in the exact same form in the ICC Court of Arbitration, with a venue in Paris, France, just as that exists under the services contract. The operation and maintenance contract between SKH, the owner, and SNC, the operator, expressly contemplated that there would be subcontracts under that agreement. That is where the services contract that the District Court used to find as the basis for third party beneficiary fits in. SNC entered a contract with GE in order to provide the services that SNC was obligated to provide under the agreement that it had with SKH. So in many ways, the case of McBrow is analogous to this, because you have kind of a triangle effect. You have three parties that share one common counterparty. Each of those two other parties signed an agreement to arbitrate. While they don't have a contract directly with each other at the bottom of that triangle, they nonetheless agreed to arbitrate the dispute and this court has held before that that is an appropriate place for equitable estoppel to fit in. It's also... How does estoppel work in this area? So in this instance, it is a... Estoppel is something that binds you in an adverse way based on some conduct you've taken early on. Tell me how that plays out here. So in this instance, it's in many ways related to that benefit question. So there's two possibilities. You can take a benefit from it, or you can rely on the existence or performance of an agreement in how you go about bringing your claims. In this case, we have both. Like, the very things that are causing you, Judge Newsom, to believe that they are a third-party beneficiary exactly fit in. They're the basis for satisfying one of the two standards for equitable estoppel. One, that they got a benefit from the contract. If that's all that's required, how does equitable estoppel add anything to third-party beneficiary law? Your Honor, that's a very good question. I think one relates more to contract issues, right? Third-party beneficiary, everyone can wrap their head around what that means and the intention of the two contracting parties to benefit someone who is not a party to the contract. Equitable estoppel is one where it can depend on the facts and circumstances that can change after the contract is signed. And it is, frankly, a more flexible, equitable doctrine that allows the court to bring justice and worry about what is fair. What is fair in this instance? If that's the platform, what did they do after the contract was signed that estops them now? If it wasn't a formation time issue, what have they done afterwards that now equitably estops them? So, as part of this contract, everything that was done was done at their facility, at their power plant, on their powertrain sets. So, over the course of 13 years, from the mid-2000s onward, they relied, SKH relied on SNC, who in turn relied on GE, to perform services, to provide it with parts, to keep the powertrain sets running. These plants and this equipment, to make a very simple analogy to it, is like an electric toothbrush. You buy the turbine, you have to replace the blades over time, just like you have to replace the toothbrush head. You cannot have a turbine that runs indefinitely. And as much as the appellants want to say that they are suing under tort and statutes and negligence and strict liability and any number of other claims that they come up with, the district court correctly said that the appellants are to prove their claims, that is to prove a breach of contract. In this instance, the appellants, even when they file... So, you're saying that getting the benefits of a contract that you're not the party to equitably estops you? If that's the case, then it's the same thing as third-party beneficiary doctrine. They are very similar, Your Honor. Then why do this equitable estoppel stuff? Instead of a third-party beneficiary? If it adds nothing, why are you relying on an alternative ground? What is different about it that we could affirm on one and not the other? If we find against you on third-party beneficiary, how do we find for you on equitable estoppel? Because if you accept their premise that you have to be suing on the grounds that make you a third-party beneficiary, that goes away in the equitable estoppel context. We disagree with that premise, but even if you were to say that that exists and that is federal common law, there is no such thing as that under the equitable estoppel because it is circumstances-driven, less so much a contract-driven analysis. I've got 30 seconds to wrap up. Yes, Your Honor. I think I'd like to just close by saying in this case, with this circumstance where we have interrelated parties that knew that there was performance and accepted that performance over the course of 15 years and agreed to arbitrate with the prime contractor against the subcontractor, again with McBrow and all the cases that relate to it, there's no reason for the insurers to come in after paying out a claim and saying we're not going to agree to arbitrate when that was an arbitration clause existed and everything that had to do with this facility and everything that had to do with making sure that these blades were inside the turbine and continued to run and operate at this equipment. GE is a big player in this market. Why in the world would it not have drafted a contract that snared the owner of the plant into the arbitration clause? Just a thought. Thank you. Okay, Mr. Trocarico, you've got three minutes left. Yeah, just to clarify one point. The MS dealer case that they were talking about in the context of a third-party beneficiary case was actually decided under an equitable estoppel theory, and there you had an individual who signed a contract with a dealer to either purchase or lease a car, and there was a provision in there where they had to pay out a claim and a maintenance agreement with another party, and that was the only agreement with that party, and under those circumstances, because it was an arbitration clause in the contract with the dealer, there was also, and the rights were coming solely from that contract. The claim was based upon that contract, the agreement with the service provider. The court determined that those agreements were intertwined and that equitable estoppel applied, but that doesn't apply here. I have a question, just, again, my continuing education about what needs to be shown for third-party beneficiary status. So I think Mr. Stoll says, it sounds like he views the law the way that I articulated it earlier, like once they're able to show what I'll call the normal third-party beneficiary stuff, now you're on the hook for their contract. It happens to have an arbitration clause. Now we talk about the scope of the arbitration clause, but it sounds like you have been viewing the law the way that Judge Jordan had been viewing the law, which is that there's something more you have to show for third-party beneficiary status when it involves an arbitration agreement. What is that and where does it come from? Well, I think that they have to show that the claim falls within, or at least has a basis for falling within the arbitration agreement and the contract. Yeah, so I understand that's your position. What's the authority for that? Well, I think the authority for that is the right to choose your form, the constitutional right to trial by jury, the fact that arbitration is a contractual thing that a party has to agree to. If you're being forced, think about what can happen here. So if you're going to be forced into arbitration every time you're a third-party beneficiary of a contract that has an arbitration clause, people can go around just drafting contracts, not randomly, but if they have business with you and they're related to you and there's another party that they have a contract with, they can just put provisions in there saying you get certain rights and then establish you as a third-party beneficiary and force you to arbitration when you had no intention of submitting to arbitration. Maybe let me ask the question this way, and I'll confess, I just wasn't quite tracking, but during your opening, you were saying, as part of the four-factor test, the third factor or the fourth factor or whatever tells us that they've got to show that our claims are within the scope of their arbitration agreement as a prerequisite to getting us on the hook of third-party beneficiary status. What case is that? And I'm so sorry that I don't know. I think it's in the Intigen case and it's in the Hogan case that are cited in our briefs. Basically, they say it's a four-part test to compel arbitration. And one of those, just so I'm clear, I'll go check it out, but one of the steps is as a prerequisite to putting a non-party on the hook as a third-party beneficiary with respect to arbitration, you've got to show at least a plausible, make a plausible showing that the claim is within the scope of the arbitration agreement. I think it's for a non-party or even a party to agree. You have to show that it falls within the scope of the agreement, yes. But I guess what I'm asking is, is that part of the third-party beneficiary analysis or is that like some subsequent step? It is listed as a separate step by the court. Okay, okay, okay. That makes a difference to me.  But the case will obviously speak for itself if I've got...